JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

Case 2:16-cv-00013-MAK  Document 1  Filed 01/04/16  Page 1 of 16

16-CV-0013

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
ENDEAVOR MESHTECH, INC.

**(b)** County of Residence of First Listed Plaintiff (New York County, NY)
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Julie Chovanes, Esquire
25 East Springfield Ave.
Philadelphia, PA 19355, Tel: (267) 235-4570

## DEFENDANTS
RAJANT CORPORATION

16   0013

County of Residence of First Listed Defendant   Chester County
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☒ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☒ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 550 Civil Rights ☐ 555 Prison Condition ☐ 560 Civil Detainee - Conditions of Confinement | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
35 U.S.C. §§ 271, 281, 283, 284, and 285
Brief description of cause:
Patent infringement

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

JAN - 4 2016

DATE: 01/04/2016
SIGNATURE OF ATTORNEY OF RECORD
/s/Julie Chovanes

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

# UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: _140 Broadway, 46th Fl, N.Y, NY 10005_

Address of Defendant: _400 East King St, Malvern, PA 19355_

Place of Accident, Incident or Transaction: _Malvern + other places_
(Use Reverse Side For Additional Space)

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))    Yes☐  No☒

Does this case involve multidistrict litigation possibilities?    Yes☐  No☒

RELATED CASE, IF ANY:
Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes☐  No☒
2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes☐  No☒
3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes☐  No☒
4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes☐  No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases*:
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☒ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify) _____

B. *Diversity Jurisdiction Cases*:
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify) _____

## ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, _John Chen_, counsel of record do hereby certify:
☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;
☐ Relief other than monetary damages is sought.

DATE: _1-4-2015_   _John Chen_   _50176_
                   Attorney-at-Law    Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

JAN - 4 2015

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: _1-4-2015_   _John Chen_   _50176_
                   Attorney-at-Law    Attorney I.D.#

CIV. 609 (5/2012)

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CASE MANAGEMENT TRACK DESIGNATION FORM

Endeavor Meshtech Inc          :          CIVIL ACTION
                               :
          v.                   :          16      0013
                               :
Rajant Corp                    :   /      NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.          ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.                ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.                                                         ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court. (See reverse side of this form for a detailed explanation of special
    management cases.)                                                            (X)

(f) Standard Management – Cases that do not fall into any one of the other tracks.   ( )

1-4-2015             Julie Chovanes           Plaintiff
---------            ----------------         -----------------
Date                 Attorney-at-law          Attorney for

267 235 4570         _____         jchovanes@chovanes.com
---------            ----------------         -----------------
Telephone            FAX Number               E-Mail Address

(Civ. 660) 10/02

JAN - 4 2015



# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ENDEAVOR MESHTECH, INC., <br><br> Plaintiff, <br><br> v. <br><br> RAJANT CORPORATION, <br><br> Defendant. | CIVIL ACTION NO. _____ <br><br> **JURY TRIAL DEMANDED** |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Endeavor MeshTech, Inc. (hereinafter, "Plaintiff" or "Endeavor"), by and through its undersigned counsel, files this Original Complaint for Patent Infringement against Rajant Corporation (hereinafter, "Defendant" or "Rajant") as follows:

## NATURE OF THE ACTION

1. This is a patent infringement action to stop Defendant's infringement of Plaintiff's United States Patent Nos. 7,379,981 (hereinafter, the "'981 Patent"), 8,700,749 (hereinafter, the "'749 Patent"), and 8,855,019 (hereinafter, the "'019 Patent") (collectively, the "Patents-in-Suit"), copies of which are attached hereto as Exhibits A, B and C, respectively. Plaintiff is the owner of the Patents-in-Suit. Plaintiff seeks injunctive relief and monetary damages.

## PARTIES

2. Endeavor is a corporation organized and existing under the laws of the State of Delaware and maintains its principal place of business at 140 Broadway, 46th Floor, New York, New York, 10005.

3. Based upon public information, Defendant is a corporation duly organized and existing under the laws of Delaware and has its principal place of business (corporate headquarters) located at 400 East King Street, Malvern, PA 19355 (Chester County). Defendant may be served at 400 East King Street, Malvern, PA 19355 (Chester County)

4. Based upon public information, Defendant ships, distributes, makes, uses, offers for sale, sells, and/or advertises Rajant Kinetic Mesh wireless mesh network product line, including its BreadCrumb® Wireless Nodes, InstaMesh® Networking Technology, CacheCrumb™, and Mesh Antennas. *See* Exhibits D-J.

## JURISDICTION AND VENUE

5. This action arises under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*, including 35 U.S.C. §§ 271, 281, 283, 284, and 285. This Court has subject matter jurisdiction over this case for patent infringement under 28 U.S.C. §§ 1331 and 1338(a).

6. The Court has personal jurisdiction over Defendant because: Defendant has minimum contacts within the State of Pennsylvania and in the Eastern District of Pennsylvania; Defendant has purposefully availed itself of the privileges of conducting business in the State of Pennsylvania and in the Eastern District of Pennsylvania; Defendant has sought protection and benefit from the laws of the State of Pennsylvania; Defendant regularly conducts business within the State of Pennsylvania and within the Eastern District of Pennsylvania, and Plaintiff's causes

of action arise directly from Defendant's business contacts and other activities in the State of Pennsylvania and in the Eastern District of Pennsylvania.

7.  More specifically, Defendant, directly and/or through its intermediaries, ships, distributes, makes, uses, imports, offers for sale, sells, and/or advertises its products and affiliated services in the United States, the State of Pennsylvania, and the Eastern District of Pennsylvania. Based upon public information, Defendant has committed patent infringement in the State of Pennsylvania and in the Eastern District of Pennsylvania. Defendant solicits customers in the State of Pennsylvania and in the Eastern District of Pennsylvania. Defendant has many paying customers who are residents of the State of Pennsylvania and the Eastern District of Pennsylvania and who use Defendant's products in the State of Pennsylvania and in the Eastern District of Pennsylvania. Defendant's principal place of business is in the Eastern District of Pennsylvania.

8.  Venue is proper in the Eastern District of Pennsylvania pursuant to 28 U.S.C. §§ 1391 and 1400(b).

## BACKGROUND INFORMATION

9.  The Patents-in-Suit were duly and legally issued by the United States Patent and Trademark Office on May 27, 2008 (the '981 Patent), April 15, 2014 (the '749 Patent), and October 7, 2014 (the '019 Patent) after full and fair examinations. Plaintiff is the owner of the Patents-in-Suit, and possesses all right, title and interest in the Patents-in-Suit including the right to enforce the Patents-in-Suit, the right to license the Patents-in-Suit, and the right to sue Defendant for infringement and recover past damages.

10. Based upon public information, Defendant owns, operates, advertises, and/or controls the website http://www.rajant.com, through which Defendant advertises, sells, offers to sell, provides and/or educates customers about its products and services, including but not limited to the following products and related services (the "Accused Product and Services"): Rajant Kinetic Mesh wireless mesh network product line, including its BreadCrumb® Wireless Nodes, InstaMesh® Networking Technology, CacheCrumb™, and Mesh Antennas (*see* Exhibits D-J), and more specifically, the BreadCrumb® LX Series (LX5 and LX4), ME Series (ME4), and JR Series (JR2), InstaMesh® peer-to-peer networking technology, CacheCrumb™ (webserver and node), Rajant KMA-2400-5, Rajant KMA-2400-5, Rajant KMA-5800-6, and Rajant KMA-915-5-NF, and all substantively similar products and any of the predecessors and future versions of the foregoing. *See* Exhibits K-T.

## COUNT I
## INFRINGEMENT OF U.S. PATENT NO. 7,379,981

11. Plaintiff re-alleges and incorporates by reference each of Paragraphs 1-10 above.

12. Plaintiff is informed and believes that Defendant has infringed and continues to infringe the '981 Patent, either literally or under the doctrine of equivalents, through the manufacture and sale of infringing products under the Rajant Kinetic Wireless Mesh, BreadCrumb®, InstaMesh®, CacheCrumb™, and Mesh Antennas brands, including the BreadCrumb® LX, ME, and JR Series (depending on operating mode, each either a "Rajant Node" or "Rajant Gateway"), CacheCrumb™ (depending on operating mode, either a "Rajant Node" or "Rajant Gateway"), and KMA-2400-5, KMA-2400-5, KMA-5800-6, and KMA-915-5-NF (each, depending on their application/use, serving either a "Rajant Node" or "Rajant Gateway"). Based upon public information, Defendant has infringed and continues to infringe

one or more claims of the '981 Patent because it ships distributes, makes, uses, imports, offers for sale, sells, and/or advertises devices that form a self-organizing wireless network that incorporates a group of virtual network nodes (Rajant Nodes) coupled to a gateway(s) (Rajant Gateway(s)) to provide a communication access point between the nodes and an external network, including at least the Accused Products and Services, and the Accused Products and Services infringe one or more of the claims of the '981 Patent by providing networking solutions that comprise a "self-configuring" and "a self-healing, peer-to-peer wireless mesh network with ad-hoc connectivity using multiple frequencies" to Defendant's customers. *See* Exhibit L, at p. 2, 6; *see also*, Exhibit H, at p. 8; and Exhibits K-T. Defendant's Accused Products and Services are available for sale on its website and through various retailers located in this district and throughout the United States. *See, e.g.,* Exhibits D-J.

13.  Based upon public information, Defendant has intentionally induced and continues to induce infringement of one or more claims of the '981 Patent in this district and elsewhere in the United States, by its intentional acts which have, among other things, successfully encouraged, instructed, enabled, and otherwise caused Defendant's customers to use the Accused Products and Services in an infringing manner. Despite knowledge of the '981 Patent as early as the date of service of the Original Complaint in this action, Defendant, based upon public information, continues to encourage, instruct, enable, and otherwise cause its customers to use its products and services, in a manner which infringes the '981 Patent. Based upon public information, Defendant's source of revenue and business focus is the provision of and sale of the Accused Products and Services. Based upon public information, Defendant has specifically intended its customers to use its products and services in such a way that infringes

the '981 Patent by, at a minimum, providing and supporting the Accused Products and Services and instructing its customers on how to use them in an infringing manner, at least through information available on Defendant's website including information brochures, promotional material, and contact information. *See e.g.* Exhibits D-J. Specifically, Defendant offers design services to select, deploy and integrate Defendant's products to assist its customers in establishing and using its self-organizing mesh systems. *See e.g.* Exhibits D-J. Based upon public information, Defendant knew that its actions, including, but not limited to any of the aforementioned products and services, would induce, have induced, and will continue to induce infringement by its customers by continuing to sell, support, and instruct its customers on using the Accused Products and Services.

14. Defendant's aforesaid activities have been without authority and/or license from Plaintiff.

15. Plaintiff is entitled to recover from Defendant the damages sustained by Plaintiff as a result of Defendant's wrongful acts in an amount subject to proof at trial, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

16. Defendant's infringement of Plaintiff's rights under the '981 Patent will continue to damage Plaintiff, causing irreparable harm to Plaintiff for which there is no adequate remedy at law, unless enjoined by this Court.

## COUNT II
## INFRINGEMENT OF U.S. PATENT NO. 8,700,749

17. Plaintiff re-alleges and incorporates by reference each of Paragraphs 1-10 above.

18.  Plaintiff is informed and believes that Defendant has infringed and continues to infringe the '749 Patent, either literally or under the doctrine of equivalents, through the manufacture and sale of infringing products under the Rajant Kinetic Wireless Mesh, BreadCrumb®, InstaMesh®, CacheCrumb™, and Mesh Antennas brands, including the BreadCrumb® LX, ME, and JR Series (depending on operating mode, each either a "Rajant Node" or "Rajant Gateway"), CacheCrumb™ (depending on operating mode, either a "Rajant Node" or "Rajant Gateway"), and KMA-2400-5, KMA-2400-5, KMA-5800-6, and KMA-915-5-NF (each, depending on their application/use, serving either a "Rajant Node" or "Rajant Gateway"). Based upon public information, Defendant has infringed and continues to infringe one or more claims of the '749 Patent because it ships distributes, makes, uses, imports, offers for sale, sells, and/or advertises devices that form a self-organizing wireless network that incorporates a group of virtual network nodes (Rajant Nodes) coupled to a gateway(s) (Rajant Gateway(s)) to provide a communication access point between the nodes and an external network, including at least the Accused Products and Services, and the Accused Products and Services infringe one or more of the claims of the '749 Patent by providing networking solutions that comprise a "self-configuring" and "a self-healing, peer-to-peer wireless mesh network with ad-hoc connectivity using multiple frequencies" to Defendant's customers. *See* Exhibit L, at p. 2, 6; *see also*, Exhibit H, at p. 8; and Exhibits K-T. Defendant's Accused Products and Services are available for sale on its website and through various retailers located in this district and throughout the United States. *See, e.g.,* Exhibits D-J.

19.  Based upon public information, Defendant has intentionally induced and continues to induce infringement of one or more claims of the '749 Patent in this district and

elsewhere in the United States, by its intentional acts which have, among other things, successfully encouraged, instructed, enabled, and otherwise caused Defendant's customers to use the Accused Products and Services in an infringing manner. Despite knowledge of the '749 Patent as early as the date of service of the Original Complaint in this action, Defendant, based upon public information, continues to encourage, instruct, enable, and otherwise cause its customers to use its products and services, in a manner which infringes the '749 Patent. Based upon public information, Defendant's source of revenue and business focus is the provision of and sale of the Accused Products and Services. Based upon public information, Defendant has specifically intended its customers to use its products and services in such a way that infringes the '749 Patent by, at a minimum, providing and supporting the Accused Products and Services and instructing its customers on how to use them in an infringing manner, at least through information available on Defendant's website including information brochures, promotional material, and contact information. *See e.g.* Exhibits D-J. Specifically, Defendant offers design services to select, deploy and integrate Defendant's products to assist its customers in establishing and using its self-organizing mesh systems. *See e.g.* Exhibits D-J. Based upon public information, Defendant knew that its actions, including, but not limited to any of the aforementioned products and services, would induce, have induced, and will continue to induce infringement by its customers by continuing to sell, support, and instruct its customers on using the Accused Products and Services.

20.     Defendant's aforesaid activities have been without authority and/or license from Plaintiff.

21. Plaintiff is entitled to recover from Defendant the damages sustained by Plaintiff as a result of Defendant's wrongful acts in an amount subject to proof at trial, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

22. Defendant's infringement of Plaintiff's rights under the '749 Patent will continue to damage Plaintiff, causing irreparable harm to Plaintiff for which there is no adequate remedy at law, unless enjoined by this Court.

## COUNT III
## INFRINGEMENT OF U.S. PATENT NO. 8,855,019

23. Plaintiff re-alleges and incorporates by reference each of Paragraphs 1-10 above.

24. Plaintiff is informed and believes that Defendant has infringed and continues to infringe the '019 Patent, either literally or under the doctrine of equivalents, through the manufacture and sale of infringing products under the Rajant Kinetic Wireless Mesh, BreadCrumb®, InstaMesh®, CacheCrumb™, and Mesh Antennas brands, including the BreadCrumb® LX, ME, and JR Series (depending on operating mode, each either a "Rajant Node" or "Rajant Gateway"), CacheCrumb™ (depending on operating mode, either a "Rajant Node" or "Rajant Gateway"), and KMA-2400-5, KMA-2400-5, KMA-5800-6, and KMA-915-5-NF (each, depending on their application/use, serving either a "Rajant Node" or "Rajant Gateway"). Based upon public information, Defendant has infringed and continues to infringe one or more claims of the '019 Patent because it ships distributes, makes, uses, imports, offers for sale, sells, and/or advertises devices that form a self-organizing wireless network that incorporates a group of virtual network nodes (Rajant Nodes) coupled to a gateway(s) (Rajant Gateway(s)) to provide a communication access point between the nodes and an external

network, including at least the Accused Products and Services, and the Accused Products and Services infringe one or more of the claims of the '019 Patent by providing networking solutions that comprise a "self-configuring" and "a self-healing, peer-to-peer wireless mesh network with ad-hoc connectivity using multiple frequencies" to Defendant's customers. *See* Exhibit L, at p. 2, 6; *see also*, Exhibit H, at p. 8; and Exhibits K-T. Defendant's Accused Products and Services are available for sale on its website and through various retailers located in this district and throughout the United States. *See, e.g.,* Exhibits D-J.

25. Based upon public information, Defendant has intentionally induced and continues to induce infringement of one or more claims of the '019 Patent in this district and elsewhere in the United States, by its intentional acts which have successfully, among other things, encouraged, instructed, enabled, and otherwise caused Defendant's customers to use the Accused Products and Services in an infringing manner. Despite knowledge of the '019 Patent as early as the date of service of the Original Complaint in this action, Defendant, based upon public information, continues to encourage, instruct, enable, and otherwise cause its customers to use its products and services, in a manner which infringes the '019 Patent. Based upon public information, Defendant's source of revenue and business focus is the provision of and sale of the Accused Products and Services. Based upon public information, Defendant has specifically intended its customers to use its products and services in such a way that infringes the '019 Patent by, at a minimum, providing and supporting the Accused Products and Services and instructing its customers on how to use them in an infringing manner, at least through information available on Defendant's website including information brochures, promotional material, and contact information. *See e.g.* Exhibits D-J. Specifically, Defendant offers design

services to select, deploy and integrate Defendant's products to assist its customers in establishing and using its self-organizing mesh systems. *See e.g.* Exhibits D-J. Based upon public information, Defendant knew that its actions, including, but not limited to any of the aforementioned products and services, would induce, have induced, and will continue to induce infringement by its customers by continuing to sell, support, and instruct its customers on using the Accused Products and Services.

26. Defendant's aforesaid activities have been without authority and/or license from Plaintiff.

27. Plaintiff is entitled to recover from Defendant the damages sustained by Plaintiff as a result of Defendant's wrongful acts in an amount subject to proof at trial, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

28. Defendant's infringement of Plaintiff's rights under the '019 Patent will continue to damage Plaintiff, causing irreparable harm to Plaintiff for which there is no adequate remedy at law, unless enjoined by this Court.

## JURY DEMAND

29. Plaintiff demands a trial by jury on all issues.

## PRAYER FOR RELIEF

30. Plaintiff respectfully requests the following relief:

    A. An adjudication that one or more claims of the Patents-in-Suit has been infringed, either literally and/or under the doctrine of equivalents, by the Defendant;

B. An adjudication that Defendant has induced infringement of one or more claims of the Patents-in-Suit;

C. An award of damages to be paid by Defendant adequate to compensate Plaintiff for Defendant's past infringement and any continuing or future infringement up until the date such judgment is entered, including interest, costs, and disbursements as justified under 35 U.S.C. § 284 and, if necessary to adequately compensate Plaintiff for Defendant's infringement, an accounting of all infringing sales including, but not limited to, those sales not presented at trial;

D. A grant of permanent injunction pursuant to 35 U.S.C. § 283, enjoining the Defendant and its respective officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise, from further acts of infringement with respect to any one or more of the claims of the Patents-in-Suit;

E. That this Court declare this to be an exceptional case and award Plaintiff its reasonable attorneys' fees and costs in accordance with 35 U.S.C. § 285; and,

F. Any further relief that this Court deems just and proper.

Dated: January 4, 2016

Respectfully submitted,

*/s/Julie Chovanes*

Julie Chovanes, Esquire
25 East Springfield Ave.
Philadelphia, PA 19118
jchovanes@chovanes.com
Telephone: 267-235-4570
*Local Counsel for Plaintiff*


James F. McDonough, III (Bar No. 117088, GA)
Jacqueline K. Burt (Bar No. 425322, GA)
Jonathan R. Miller (Bar No. 507179, GA)
**HENINGER GARRISON DAVIS, LLC**
3621 Vinings Slope, Suite 4320
Atlanta, Georgia 30339
Telephone: (404) 996-0869, 0861, 0863
Facsimile: (205) 547-5502, 5504, 5506
Email: jmcdonough@hgdlawfirm.com
Email: jburt@hgdlawfirm.com
Email: jmiller@hgdlawfirm.com

*Attorneys for Plaintiff*
*Endeavor MeshTech, Inc.*